FILED  
United States Court of Appeals  
Tenth Circuit

December 13, 2023

Christopher M. Wolpert  
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

XINGFEI LUO,

    Plaintiff - Appellant,

v.

PAUL WANG,

    Defendant - Appellee.

------------------------------

EUGENE VOLOKH,

    Intervenor - Appellee.

No. 22-1403  
(D.C. No. 1:20-CV-02765-RMR-MEH)  
(D. Colo.)

_____

ORDER AND JUDGMENT[*]

_____

Before **PHILLIPS**, **KELLY**, and **McHUGH**, Circuit Judges.

_____

Xingfei Luo brought this action against Paul Wang asserting various defamation-related claims. After a magistrate judge concluded Ms. Luo "unreasonably refused necessary efforts to conduct discovery and prepare [the] case

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

for conclusion," R., Vol. V at 288, and disobeyed the magistrate judge's order to answer questions at her deposition, the magistrate judge recommended dismissal of the action as a sanction. After reviewing Ms. Luo's objections, the district court agreed with the recommendation and dismissed the action with prejudice. She appeals the dismissal and challenges various other orders the district court issued in the case. We have jurisdiction, *see* 28 U.S.C. 1291, and we affirm.

## BACKGROUND

**1. Facts Underlying Ms. Luo's Third Amended Complaint (TAC)**

Ms. Luo alleged that she and Mr. Wang began an intimate relationship during Mr. Wang's 2012 visit to China. Mr. Wang returned to the United States and the couple decided to continue their relationship. In July 2013, Ms. Luo moved to the United States to live with Mr. Wang in Colorado.

Ms. Luo alleged that in May 2013, while she was still in China, she was sexually assaulted by a man named Mr. Chen. She reported the assault to Chinese authorities and Mr. Chen was arrested and prosecuted. The rape charges were still pending when Ms. Luo traveled to the United States to live with Mr. Wang.

At one point during their time together in Colorado, Mr. Wang purchased a plane ticket for Ms. Luo to return to China. But Ms. Luo lost her passport, so she did not take the flight. She reported her lost passport to the Aurora, Colorado police department. She later located the passport and did not pursue the matter further.

In October 2013, Ms. Luo ended her relationship with Mr. Wang and moved to California. Years later, in 2020, she learned through a separate lawsuit in California

that Mr. Wang had made what she alleges were false statements about her. Specifically, Mr. Wang had allegedly denounced Ms. Luo for (1) falsely accusing Mr. Chen of sexual assault, (2) filing a false police report that she had lost her passport, and (3) fraudulently obtaining travel insurance funds based on the lost passport.

### 2. Procedural History of this Case

Ms. Luo filed this diversity action in September 2020. She complained that Mr. Wang had unreasonably disclosed private facts about her and had committed outrageous conduct, intentional infliction of emotional distress, and defamation per se.[1] Mr. Wang filed a motion to dismiss the TAC. The district court granted the motion in part, concluding that to the extent Ms. Luo's claims pertained to allegedly defamatory statements Mr. Wang had made in the California litigation, those statements were protected by the absolute litigation privilege. The court also held that under Colorado law, a defamation claim accrues on the date of publication.

As the case proceeded, a controversy arose concerning Internet posts Ms. Luo purportedly made from her cell phone. In an unrelated California criminal proceeding, the Los Angeles County Sheriff's Department (LASD) had obtained a forensic image of Ms. Luo's cell phone. Seeking information to bolster his defense,

---

[1] Ms. Luo initially proceeded under a pseudonym, but the district court later denied her request to proceed anonymously. We upheld that decision. *Luo v. Wang*, 71 F.4th 1289, 1303 (10th Cir. 2023).

Mr. Wang subpoenaed this data from the LASD. Ms. Luo filed motions to quash the subpoena, but the district court denied them.

On July 12, 2022, after her attorney withdrew from the case, the magistrate judge ordered Ms. Luo to provide her current contact information. On September 14, 2022, he reiterated that order. Nearly two weeks later, however, the magistrate judge concluded that Ms. Luo had refused to comply with the order, causing "considerable inconvenience to the Court." R., Vol. V at 289.

On August 24, 2022, the magistrate judge held a discovery conference. At the conference, Mr. Wang's counsel outlined various court orders that Ms. Luo had violated, including orders requiring her to provide a financial affidavit, amend her request for damages, and provide an unredacted letter from a witness. During the conference, both Mr. Wang's counsel and the magistrate judge questioned Ms. Luo on the record. The magistrate judge later characterized her responses as "evasive at best and deceiving or untrue at worst." *Id.*

At the conference, the parties also discussed Ms. Luo's deposition. Mr. Wang's counsel requested an in-person deposition. Ms. Luo did not object to being deposed in the federal courthouse in Denver. The magistrate judge later explained that he adopted the "unusual procedure" of taking her deposition at the courthouse because of Ms. Luo's "contumacious behavior in this lawsuit." *Id.* at 288.

Notwithstanding her lack of objection, Ms. Luo later moved to quash the subpoena to appear at her deposition. She contended she should only be deposed in

4

California, not Colorado. The district court denied the motion to quash, and the deposition went forward.

During the deposition, Mr. Wang's counsel asked the magistrate judge to come into the courtroom to address an issue. He explained that Ms. Luo had refused to answer questions concerning her travel to the United States, specifically about "the legal basis for her entry into the United States." *Id.* at 290. The magistrate judge ordered her to answer, but he also advised her of certain legal options she might have concerning these questions. After the advisement, Ms. Luo declined (1) to invoke her Fifth Amendment right to refuse to answer or (2) to answer subject to certain procedural protections the magistrate judge described. The magistrate judge then advised Ms. Luo that "[i]f she persisted in disobeying my Order to answer the questions, this could be construed as a contempt of court, and the sanction could include, without limitation, dismissal of her lawsuit with prejudice." *Id.* at 291. She responded that she understood, but she still refused to answer on grounds of "relevance." *Id.* (internal quotation marks omitted).

The magistrate judge issued a recommendation that the action be dismissed as a sanction for Ms. Luo's discovery-related abuses, including and especially her disobedience of his direct orders to answer questions during her deposition, which he found constituted direct contempt. Before choosing dismissal as a just sanction, the magistrate judge analyzed the required factors, *see Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). He concluded that under this analysis "the question [was] not a close one." R., Vol. V at 292. He recommended that the action be dismissed

with prejudice and that Mr. Wang be awarded his reasonable fees and costs related to the deposition.

The district court accepted and adopted the recommendation, dismissed the action with prejudice, and ordered that Mr. Wang receive his expenses and fees associated with Ms. Luo's deposition. She appealed.

## ANALYSIS

### 1. Standard of Review

Rule 37(b) of the Federal Rules of Civil Procedure authorizes the district court to sanction a party for failure to cooperate with discovery. We review the district court's imposition of sanctions, including dismissal, for an abuse of discretion. *See Ehrenhaus*, 965 F.2d at 920. We also review the amount of attorney's fees awarded for a discovery violation for an abuse of discretion. *Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 678 (10th Cir. 2012). The district court's factual findings are reviewed for clear error. *See id.*

### 2. The Procedures Followed in this Case Afforded Ms. Luo Due Process and the Contempt Finding was not an Abuse of Discretion.

Ms. Luo challenges both the substance and procedure of the contempt finding. Substantively, she contends the district court erred in concluding that information about her travels to the United States was relevant. In reaching this conclusion, both the magistrate judge and the district court cited allegations in the TAC about Ms. Luo's international travels in July 2013. *See* R., Vol. V at 290, 303-04. Ms. Luo argues this rationale was flawed because she only refused to answer questions

6

concerning her travel and immigration status *in 2014*. She argues throughout her brief that these questions were irrelevant to the allegations in the TAC about her 2013 travels and interactions with Mr. Wang. *See, e.g.*, Aplt. Opening Br. at 18-19, 25-26.

But that is not the argument she made to the district court. In her objections to the magistrate judge's recommendation, Ms. Luo did not present any argument about the relevance of her travels in 2013 versus her travels in 2014. *See* Suppl. R., Vol. I at 331-57. That being the case, she waived the right to appellate review of this contention. *See Luo*, 71 F.4th at 1297 (declining, under this court's "firm waiver rule," to reach contentions of error not raised in objections to a magistrate judge's order, where the interests of justice did not support making an exception to the rule).

More generally, Ms. Luo challenges the district court's reliance on her refusal to answer questions about her travel to the United States. She characterizes these questions as irrelevant and abusive. But the district court found the questions were sufficiently relevant to require her to answer them. Notably, this case presents issues concerning Mr. Wang's invitation to Ms. Luo to come to the United States, her failure to leave the country after Mr. Wang bought her a plane ticket, her alleged police report concerning the loss of her passport, and her alleged filing of a fraudulent travel insurance claim on the ticket Ms. Wang bought for her. As the district court determined, the allegations of Ms. Luo's complaint "relate to her travels to and in the United States." R., Vol. V at 304. This distinguishes cases she cites, in which parties sought information concerning immigration status that lacked relevance to a claim or defense or that would prejudice the plaintiff's assertion of statutory

7

rights. In addition, the magistrate judge offered Ms. Luo procedures she could follow to protect her rights in connection with the questions, but she declined to pursue those procedures.

Turning to her procedural challenge, Ms. Luo argues that by statute, a magistrate judge who is not exercising consent jurisdiction must refer contempt charges to a district court judge for determination. *See* Aplt. Opening Br. at 19 (citing 28 U.S.C. § 636(e)(6)(B)(iii)).[2] Giving her arguments a liberal construction, she contends that the district court's failure to follow that procedure here both violated the statute and denied her procedural due process, because she did not receive notice or an opportunity to respond and the district court did not hold a hearing.[3]

The district court addressed and rejected her procedurally based argument in its order. The court explained that the magistrate judge's recommendation fully laid

---

[2] This statutory section provides that in cases of civil contempt, a magistrate judge "shall forthwith certify the facts to a district judge and may serve or cause to be served, upon [the purported contemnor], an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified."

[3] Ms. Luo also argues that the magistrate judge deprived her of her right to due process by ordering her to answer questions about her immigration status without first giving her notice and an "opportunity to conduct legal research and cite legal authorities" concerning the issue. Aplt. Opening Br. at 19. She fails to show that due process required this form of advance notice. As the district court noted, the magistrate judge thoroughly advised her of the consequences of failing to answer the questions. He also provided her with options to protect herself in connection with her answers, which she rejected.

8

out the facts regarding Ms. Luo's failure to answer questions at her depositions, and she did not deny in her objections that she refused to answer questions posed to her. Because there was no dispute regarding the facts of what took place, the district court found a hearing was unnecessary, and it agreed with the magistrate judge on de novo review that the facts demonstrated Ms. Luo committed a civil contempt. The district court also found she received adequate notice and an opportunity to respond to the possibility of being sanctioned for contempt because the magistrate judge thoroughly advised her of the consequences of declining to answer at her deposition, she received notice of the district court's consideration of the contempt issue through the recommendation, and she had an opportunity to brief the issue through her objections. *See* R., Vol. V at 306-07.

On appeal, Ms. Luo challenges the district court's determination that there was no dispute concerning the facts because she argues she "raised multiple misstatements of facts by the magistrate [judge]." Aplt. Opening Br. at 22. Although she did raise some factual disputes in her objections to the magistrate judge's recommendation, *see* Suppl. R., Vol. I at 332-35, most of these disputes did not concern the events of her direct contempt. Instead, she disputed the magistrate judge's findings concerning her prior history of evasion or disobedience of the court's orders. Ms. Luo fails to show the procedures described in § 636(e)(6)(B)(iii) entitled her to an evidentiary hearing concerning *those* facts, which could have resulted in sanctions, including dismissal, even absent a finding of direct contempt. *See* Fed. R. Civ. P. 37(b)(2)(A)(v). And to the extent any of the factual disputes she

9

raised might arguably relate to her direct contempt, our review confirms that the failure to conduct an evidentiary hearing on those issues was harmless. Although she continues to complain the district court did not follow the procedures set out in § 636, she fails to rebut the district court's conclusion that she was given notice and an opportunity to be heard on the contempt issue. *See* Aplt. Opening Br. at 22. Likewise, we discern no reversible error in the district court's conclusion that Ms. Luo committed a civil contempt at her deposition.

### 3. The District Court did not Abuse its Discretion in Imposing Dismissal with Prejudice as a Sanction.

Dismissal is available as a sanction in cases of "willfulness, bad faith, or some fault of [the party]." *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005) (emphasis added). The district court can therefore impose dismissal when a party willfully disobeys orders. *Kellogg v. Watts Guerra LLP*, 41 F.4th 1246, 1265-66 (10th Cir. 2022), *cert. denied*, 143 S. Ct. 1022 (2023). Before imposing dismissal as a sanction, however, a district court should ordinarily evaluate "(1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1203 (10th Cir. 2017) (internal quotation marks omitted).

The magistrate judge analyzed these factors, and the district court adopted his analysis. Having reviewed Ms. Luo's challenges to the district court's reasoning, we conclude she fails to show the court abused its discretion in dismissing the action as a sanction for her discovery violations. *See Ehrenhaus*, 965 F.2d at 918 ("[I]f, after considering all the relevant factors, [the district court] concludes that dismissal alone would satisfy the interests of justice," the court has not abused its discretion.).

### 4. The District Court had Authority to Award Expenses and Fees for the Entire Deposition.

The district court awarded Mr. Wang "his reasonable fees and costs associated with arranging, preparing for, and attending the deposition" of Ms. Luo. R., Vol. V at 293; *see also id.* at 310. She argues that under Rule 37, the district court could only award those fees caused by her discovery violation that were necessary to reimburse Mr. Wang. Aplt. Opening Br. at 34-35. She contends it was unfair to require her to pay for his expenses and fees for the entire deposition because Mr. Wang would have incurred the costs of taking her deposition even if she had not refused to answer the travel-related questions.

Ms. Luo's misconduct occurred during and in relation to the proceeding for which she was sanctioned: a deposition at which she refused to answer questions. The court limited its award to Mr. Wang's actual expenses associated with that proceeding. The only question is whether the district court was further obligated to determine what portion of the fees and costs of the deposition—discovery that had been rendered entirely useless because Ms. Luo's misconduct resulted in the

dismissal of her action—were attributable to Ms. Luo's misconduct. Although she cites cases generally requiring a nexus between noncompliance with the rules and the amount of fees and costs awarded, Ms. Luo fails to show the district court abused its discretion in this instance by awarding Mr. Wang his entire fees and costs related to the deposition. We therefore affirm the award.

## CONCLUSION

We affirm the district court's order dismissing this case with prejudice and awarding Mr. Wang his expenses and fees for the September 22, 2022, deposition. Our affirmance moots several of Ms. Luo's challenges to the district court's interlocutory decisions, and we need not address them.[4] We grant her motion to proceed without prepayment of fees and costs.

                                  Entered for the Court

                                  Paul J. Kelly, Jr.
                                  Circuit Judge

---

[4] Among these issues are whether the district court erred in (1) denying her motion to quash the subpoena directed to the LASD; (2) denying her motion to quash the subpoena to testify at her deposition; (3) granting Mr. Wang's motion to dismiss one of Ms. Luo's claims based on litigation privilege; and (4) granting Mr. Wang's motion to dismiss based on the initial date of publication.